UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CORNELIUS TODD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-1160** |
| **ROCKDALE COUNTY JAIL, OFFICER FLOYD TIMOTHY** | **SECTION "E"(4)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.    Factual and Procedural Background**

The plaintiff, Cornelius Todd ("Todd"), is an inmate housed in the Rockdale County Jail in Conyers, Georgia.[1] He filed this *pro se* complaint under 42 U.S.C. § 1983 against the defendants, Rockdale County Jail and Officer Floyd Timothy, seeking damages and other relief for delayed medical care after a fall in the jail. Todd did not submit a filing fee or an application to proceed *in forma pauperis* with the complaint.

**II.    Standard of Review under Fed. R. Civ. P. 41(b)**

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. A Rule 41(b) dismissal is

---

[1] Rec. Doc. No. 1 (Deficient Complaint).

considered an adjudication on the merits. Fed. R. Civ. P. 41(b). In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See*, *e.g.*, *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976).

In this case, the plaintiff is without counsel and is responsible for the prosecution of his case. A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Information Solutions Inc.*, 214 Fed. App'x 459, 462 (5th Cir. 2007). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance." *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988) (quotation omitted); *Birl*, 660 F.2d at 593.

### III. Analysis

Todd did not submit the required filing fee or move for leave to proceed *in forma pauperis* when he submitted this complaint. On April 13, 2020, the Clerk of Court sent a notice to Todd at his prison address of record advising him that he was required to either pay the filing fee or complete and return a certified pauper application.[2] The envelope addressed to Todd was returned on April 27, 2020, marked "Refused."[3]

Todd has not provided the Court with a pauper application or otherwise contacted the Court about his case. Todd's refusal to accept mail from the Court is evidence of his failure to pursue

---

[2]Rec. Doc. No. 2.
[3]Rec. Doc. No. 3.

and prosecute this matter. In addition, all litigants are obligated to keep the court advised of any address change. Local Rules 11.1 and 41.3.1. Todd has not notified the Court that he has been released from the facility or that his address has changed.

Furthermore, the Court notes that Todd has failed to present his complaint to a Court of proper venue under the general venue provisions of 28 U.S.C. § 1391(b):

> A civil action may be brought in -- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under this provision, the Eastern District of Louisiana is not a proper venue for Todd's claims arising in a jail and against defendants located in Rockdale County, Georgia.

The provisions of 28 U.S.C. § 1406 allow a court to transfer a case from a district in which venue is wrong to another district or division in which venue is proper, if such transfer is in the interests of justice. *See Balawajder v. Scott*, 160 F.3d 1066 (5th Cir. 1998). In this case, the interests of justice do not dictate transfer because Todd has failed to prosecute this case.

For these reasons, Todd's § 1983 complaint should be dismissed with prejudice under Fed. R. Civ. P. 41(b) for his failure to prosecute.

**IV.    Recommendation**

It is therefore **RECOMMENDED** that Cornelius Todd's § 1983 complaint against the defendants, Rockdale County Jail and Officer Floyd Timothy, be **DISMISSED WITH PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[4]

New Orleans, Louisiana, this 1st day of July, 2020.

                                        **KAREN WELLS ROBY**
                              **CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[4] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.